**OPINION OF THE JUSTICES of the Supreme Judicial Court given under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the House in an Order Dated June 24, 1969.

Answered June 24, 1969.

# HOUSE ORDER PROPOUNDING QUESTIONS

## STATE OF MAINE

In House June 23, 1969

WHEREAS, Resolve Proposing an Amendment to the Constitution Affecting the Apportionment of the House of Representatives (House Paper 1256, L.D. 1588) is pending before the 104th Legislature and it is important that the Legislature be informed as to the constitutionality of the proposed Amendment, and,

WHEREAS, House Amendment "B" to a Resolve Proposing an Amendment to the Constitution Affecting the Apportionment of the House of Representatives (House Paper 1256, L.D. 1588), under filing H-580 has been offered in the House of Representatives and the Resolve has been tabled pending the adoption of the motion to adopt said House Amendment "B", and it is important that the Legislature be informed as to the constitutionality of House Amendment "B" to said Resolve, and,

WHEREAS, it appears to the members of the House of the 104th Legislature that certain provisions of the foregoing Resolve and certain provisions of the foregoing proposed Amendment thereto, present important questions of law and the occasion is a solemn one;

NOW, THEREFORE, be it ORDERED:

That, in accordance with the provisions of the Constitution of this State, the Justices of the Supreme Judicial Court are hereby requested to give this Legislature their opinion on the following questions:

## I.

Is the method of apportioning the House of Representatives, set forth in L.D. 1588, constitutional?

## II.

Is the method of apportioning the House of Representatives, set forth in House Amendment "B" to L.D. 1588, constitutional?

Name: Richardson
Town: Cumberland

HOUSE OF REPRESENTATIVES
READ & On motion of Mr.
Richardson of Cumberland

TABLED PENDING PASSAGE
Under the rules
 June 23, 1969
Bertha W. Johnson
 Clerk

HOUSE OF REPRESENTATIVES
Speaker laid before the House
The Order was PASSED
 June 24, 1969
Bertha W. Johnson
 Clerk

## ONE HUNDRED AND FOURTH LEGISLATURE

*Legislative Document* *No. 1588*

H. P. 1256 House of Representatives, June 9, 1969

Reported by Mr. Rideout from Committee on State Government. Printed under Joint Rules No. 18.

BERTHA W. JOHNSON, Clerk

## STATE OF MAINE

## IN THE YEAR OF OUR LORD NINETEEN HUNDRED SIXTY-NINE

RESOLVE, Proposing an Amendment to the Constitution Affecting the Apportionment of the House of Representatives.

Constitutional amendment. Resolved: Two-thirds of each branch of the Legislature concurring, that the following amendment to the Constitution of this State be proposed:

Constitution, Article IV, Part First, Sections 2 and 3, repealed and replaced. Sections 2 and 3 of Part First of Article IV of the Constitution are repealed and the following enacted in place thereof:

Section 2. The House of Representatives shall consist of one hundred and fifty-one members, to be elected by the qualified electors and hold their office two years from the date next preceding the biennial meeting of the Legislature. The Legislature shall, within every period of at most ten years and at least five, cause the number of the inhabitants of the State to be ascertained, exclusive of foreigners, not naturalized. The number of Representatives shall, at the several periods of making such enumeration, be fixed and apportioned by the Legislature among the several counties, as near as may be, according to the number of inhabitants.

Section 3. The apportionment of the Representatives shall be made and computed according to the following rules:

1. By dividing the total population of the State by one hundred and fifty-one and by dividing the population of each county by the quotient so obtained, disregarding, except as hereinafter in this section provided, the remainder, if any, after the process of division.

2. If the total number of Representatives assigned to all counties pursuant to subsection 1 is less than one hundred and fifty-one, additional Representatives shall be assigned to the counties, one to a county, having remainders in the computation under subsection 1 commencing with the county having the largest remainder and continuing with the other counties in the order of the magnitude of the respective remainders until the total number of Representatives assigned is one hundred and fifty-one.

3. Each city or town, within a county, having a number of inhabitants greater than the quotient obtained in subsection 1 shall be entitled to as many Representatives as the number of times the number of its inhabitants fully contains that quotient. Those cities and towns having remainders in the above computation shall be assigned additional Representatives one to a municipality, commencing with the city or town having the largest remainder and continuing to the one with the smallest remainder, provided that to qualify for additional Representatives under this rule, a city or town must have a remainder equalling at least two-thirds the quotient obtained under subsection 1, and provided further, that those cities and towns having remainders of less than two-thirds the quotient obtained under subsection 1 may be joined to contiguous towns or plantations not having enough inhabitants for a Representative to form a district with enough inhabitants for two or more Representatives, and the remaining cities, town and plantations within the county which have inhabitants in numbers less than the quotient shall be

formed into Representative Class Districts in number equal to the remainder of county Representatives unallocated under the foregoing procedure by grouping whole cities, towns and plantations together giving consideration for geographical contiguity and whose total number of inhabitants equal, as near as may be, the quotient arrived at in subsection 1. Cities and towns entitled to two or more Representatives under the foregoing procedure may, by affirmative vote of two-thirds of both Houses of the Legislature, be organized into single member districts whereby each legally qualified elector therein is entitled to vote for only one Representative, provided that all such cities and towns are so organized. In the event that the Legislature shall fail to make an apportionment, the Supreme Judicial Court shall, within sixty days following the end of the period in which the Legislature is required to act, but fails to do so, make the apportionment.

Form of question and date when amendment shall be voted upon.

Resolved: That the aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives at the next general election in the month of November or special state-wide election on the Tuesday following the first Monday of November following the passage of this resolve to give in their votes upon the amendment proposed in the foregoing resolution, and the question shall be:

"Shall the Constitution be amended as proposed by a resolution of the Legislature Affecting the Apportionment of the House of Representatives?"

The inhabitants of said cities, towns and plantations shall vote by ballot on said question, and shall indicate by a cross or check mark placed against the words "Yes" or "No" their opinion of the same. The ballots shall be received, sorted, counted and declared in open ward, town and plantation meetings and returns made to the office of the Secretary of State in the same manner as votes for Governor and Members of the Legislature, and the Governor and Council shall review the same, and if it shall appear that a majority of the inhabitants voting on the question are in favor of the amendment, the Governor shall forthwith make known the fact by his proclamation, and the amendment shall thereupon, as of the date of said proclamation, become a part of the Constitution.

Secretary of State shall prepare ballots. Resolved: That the Secretary of State shall prepare and furnish to the several cities, towns and plantations ballots and blank returns in conformity with the foregoing resolve, accompanied by a copy thereof.

### STATE OF MAINE
### HOUSE OF REPRESENTATIVES
### 104th LEGISLATURE

HOUSE AMENDMENT "B" to H.P. 1256, L.D. 1588, Resolve, Proposing an Amendment to the Constitution Affecting the Apportionment of the House of Representatives.

Amend said Resolve by striking out everything after the Title and inserting in place thereof the following:

'Constitutional amendment. Resolved: Two-thirds of each branch of the Legislature concurring, that the following amendment to the Constitution of this State be proposed;

Constitution, Article IV, Part First, Sections 2 and 3, repealed and replaced. Sections 2 and 3 of Part First of Article IV of the Constitution are repealed and the following enacted in place thereof:

Section 2. The House of Representatives shall consist of one hundred and fifty-

one members, to be elected by the qualified electors, and hold their office two years from the day next preceding the biennial meeting of the Legislature.

*Section 3. The Legislature which shall convene after the adoption of this amendment shall cause the State to be divided into single member districts for the choice of a Representative from each district. The Legislature every tenth year thereafter shall do likewise. The number of Representatives to constitute the House of Representatives shall be divided into the number of inhabitants of the State to determine a median population figure for each Representative District. In assigning inhabitants to constitute a Representative District, the Legislature shall attempt to stay within municipal and county lines, but the major and overriding consideration shall always be that each Representative District shall have an equal number of inhabitants as nearly as is practicable. The number of inhabitants of the State shall be determined by the latest Federal Decennial Census.*

*In the event that the Legislature shall fail to make an apportionment, the Supreme Judicial Court shall, within sixty days following the end of the period in which the Legislature is required to act, but fails to do so, make the apportionment.*

*Form of question and date when amendment shall be voted upon.*

*Resolved:* That the aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives at the next general election in the month of November or special state-wide election on the Tuesday following the first Monday of November following the passage of this resolve to give in their votes upon the amendment proposed in the foregoing resolution, and the question shall be:

"Shall the Constitution be amended as proposed by a resolution of the Legislature Affecting the Apportionment of the House of Representatives?"

The inhabitants of said cities, towns and plantations shall vote by ballot on said question, and shall indicate by a cross or check mark placed against the words "Yes" or "No" their opinion of the same. The ballots shall be received, sorted, counted and declared in open ward, town and plantation meetings and returns made to the office of the Secretary of State in the same manner as votes for Governor and Members of the Legislature, and the Governor and Council shall review the same, and if it shall appear that a majority of the inhabitants voting on the question are in favor of the amendment, the Governor shall forthwith make known the fact by his proclamation, and the amendment shall thereupon, as of the date of said proclamation, become a part of the Constitution.

*Secretary of State shall prepare ballots. Resolved:* That the Secretary of State shall prepare and furnish to the several cities, towns and plantations ballots and blank returns in conformity with the foregoing resolve, accompanied by a copy thereof.'

Filed by Mr. Rideout of Manchester.

Reproduced and distributed under the direction of the Clerk of the House.
(Filing No. H-580)

## ANSWERS OF THE JUSTICES

## TO THE HONORABLE HOUSE OF REPRESENTATIVES OF THE STATE OF MAINE:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of

the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on June 24, 1969.

QUESTION NO. 1. Is the method of apportioning the House of Representatives, set forth in L. D. 1588, constitutional?

 ANSWER: On the basis of information presently available, we find ourselves unable to answer this question. In the recent case of Kirkpatrick v. Preisler, 394 U.S. 526, 89 S.Ct. 1225, 22 L.Ed.2d 519 (Opinion April 7, 1969) the Court laid down guidelines which must be met by States in adherence to the principle of "equal representation for equal numbers of people" as required by the Federal Constitution. We paraphrase such of those guidelines as may be pertinent here. The State must make a "good-faith effort" to achieve "as nearly as practicable" precise mathmatical equality. Population variances must be justified and unavoidable despite such "good-faith effort." "Neither history alone, nor economic or other sorts of group interests, are permissible factors in attempting to justify disparities from population-based representation." Variances are not justified merely because they necessarily result from a State's attempt to avoid fragmenting political subdivisions (e.g. counties, cities, towns). We find it impossible to determine in advance of attempted implementation whether or not resulting variances will be justifiable within these criteria or will exceed the bounds of constitutional tolerance. We express grave doubts, however, having in mind the use of "remainders" in the proposed computation, as to the practical possibility of holding variances to permissible levels.

 We note that the proposed constitutional amendment retains the present definition of population base "exclusive of foreigners, not naturalized." The United States Supreme Court has not as yet had occasion to determine whether or not the base can be so restricted. In WMCA, Inc. v. Lomenzo (1964) 377 U.S. 633, 84 S.Ct. 1418, 12 L.Ed.2d 568 the Court noted that "New York uses citizen population instead of total population, excluding aliens from consideration, for purposes of legislative apportionment." In striking down the New York plan on other grounds, the Court did again advert to the population base nor intimate that it was constitutionally violative. Subsequently in WMCA, Inc. v. Lomenzo (1965) U.S.D.C., S.D.N.Y., 238 F.Supp. 916, a three judge court, seeking to interpret the decision of the Supreme Court, said, "Nowhere in the opinion, however, did the Supreme Court even intimate that New York's use of a citizen population base for purposes of legislative apportionment contributed in any way to the unconstitutionality of the state's scheme." We might reach the same conclusion with respect to State representative apportionment, were not uncertainty engendered by the caveat found in the later case of Kirkpatrick v. Preisler, supra, in which the Court said, "There may be a question whether distribution of congressional seats *except according to total population* can ever be permissible under Art. I, Sec. 2. (U.S.Const.). But assuming without deciding that apportionment may be based on eligible voter population rather than total population, the Missouri plan is still unacceptable." (Emphasis ours) We note that the present Maine plan for State senatorial representation is based upon total rather than citizen population.

QUESTION NO. 2. Is the method of apportioning the House of Representatives, set forth in House Amendment "B" to L. D. 1588, constitutional?

 ANSWER: We answer in the affirmative. In accordance with the guidelines laid down in Kirkpatrick, the plan is based upon the "major and overriding consideration * * * that each Representative District shall have an equal number of inhabitants as nearly as is practicable." Strict adherence to this principle in implementation will produce districts with popu-

lation variances well within constitutionally permissible limits. Any doubts with respect to a proper population base are resolved by adoption in the proposed plan of a total population base as disclosed by the "latest Federal Decennial Census."

Dated at Augusta, Maine, this 24th day of June, 1969.

Respectfully submitted:

ROBERT B. WILLIAMSON

DONALD W. WEBBER

WALTER M. TAPLEY, Jr.

HAROLD C. MARDEN

ARMAND A. DUFRESNE, Jr.

RANDOLPH A. WEATHERBEE